**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Valerie McDonald,

Plaintiff,

vs.

Diversified Adjustment Service, Inc.,

Defendant.

Case No. 2:26-cv-01169-APG-MDC

**ORDER DENYING MOTION TO STRIKE (ECF NO. 9) AND MOTION TO COMPEL (ECF NO. 15) WITHOUT PREJUDICE**

*Pro se* plaintiff filed a *Motion to Strike* ("Strike Motion") (ECF No. 9) and *Motion to Compel* ("Compel Motion") (ECF No. 15). The Court **DENIES** the Strike Motion and Compel Motion without prejudice. The Court also cautions plaintiff regarding filing electronically in this case. The Court's reasoning is as follows.

## I. STRIKE MOTION

### A. General Legal Principles

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (simplified), overruled on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "An affirmative defense is one that precludes liability even if all of the elements of the plaintiff's claim are proven." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016). As a matter of pleading, an affirmative defense is insufficient where it does not give the opposing party fair notice of the affirmative defense. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in general terms." Id, *see SEC v. Markman Biologics Corp.*, No. 2:23-cv-00288-APG-DJA, 2024 WL 1075358, at *1 n.3 (D. Nev. Mar. 11, 2024) (collecting cases regarding the split of authority

within the Ninth Circuit post-Kohler and noting that "[t]his district has ruled that the Iqbal pleading standard does not apply to affirmative defenses . . . because Rule 8(c) does not require a 'showing,' as does Rule 8(a).").

This Court has also held that a showing of prejudice is a threshold issue in considering motions to strike. *Snow Covered Capital, LLC v. Fonfa*, No. 2:22-cv-01181-CDS-VCF, 2023 WL 5726259, at *2 (D. Nev. March 6, 2023); *see Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (after determining no prejudice existed, finding it unnecessary to strike 30 "listed" affirmative defenses).

**B. Analysis**

Plaintiff argues that thirteen of defendant's affirmative defenses should be struck from this case. *See ECF No. 9* at 2-8. However, plaintiff fails to make a threshold showing of prejudice to strike these affirmative defenses. She argues that she would be prejudiced because allowing these defenses to stand would "cloud[] the issues and increase[] the burden and cost of litigation." *Id.* at 1. Plaintiff's claim of prejudice is speculative, generalized, and does not "provide sufficient specificity to meet [her] threshold burden of prejudice." *Aristocrat Techs., Inc. v. AGS, LLC*, No. 2:18-cv-00396-GMN-GWF, 2018 WL 11266535, at *2 (D. Nev. June 28, 2018) (finding that a general claim of additional costs to litigate does not meet the threshold burden of prejudice).

Plaintiff does not otherwise argue that she would suffer prejudice if these defenses are allowed to stand. "Courts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, No. 2:23-cv-01645-CDS-EJY, 2024 WL 2271553, at *2 (D. Nev. May 20, 2024). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). Moreover, discovery has not yet closed in this case.

Therefore, "[p]laintiff can take discovery to better discern the basis of the affirmative defenses…. [and] is not prevented from challenging these defenses through later proceedings that are better suited to evaluating their sufficiency." *Bradford v. Daniels*, No. 2:21-cv-00493-RFB-VCF, 2022 WL 15523049, at *2 (D. Nev. October 27, 2022); *see also Xu v. Cty. Of Los Angeles*, No. 2:23-cv-01575-FLA (SP), 2023 WL 8143542, at *2 (C.D. Cal. October 18, 2023) (the sufficiency of affirmative defenses is "better left for adjudication on the merits"). Accordingly, plaintiff's Strike Motion is denied without prejudice.

## II. COMPEL MOTION

In the Compel Motion, plaintiff argues that defendant did not serve sufficiently complete answers and documents to her interrogatories, requests for production, and requests for admission. *ECF No. 15*. The Court denies the Compel Motion without prejudice because parties did not comply with the Court's Standing Order (ECF No. 13), which sets forth the process regarding discovery disputes.

## III. FILING ELECTRONICALLY

Plaintiff seems to have filed the Strike Motion and Compel Motion electronically in this case. *See ECF Nos. 9*, *15*. While electronic filing eases the burden for parties to file documents with the Court, plaintiff must comply with LR IC 2-1(b) and file a motion to electronically file in this case. LR IC 2-1(b); *ECF No. 2*. Therefore, plaintiff is directed to comply with LR IC 2-1(b), file a motion to electronically file, and wait until her motion is granted before making further electronic filings.

## IV. CONCLUSION AND ORDER

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Strike* (ECF No. 9) and *Motion to Compel* (ECF No. 15) are **DENIED** without prejudice.

2. Plaintiff is directed to comply with LR IC 2-1(b), file a motion to electronically file, and wait until her motion is granted before making further electronic filings.

DATED: August 18, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**